JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTINE MORGAN

**DEFENDANTS**

BIMBO BAKERIES USA, INC. & BIMBO BAKERIES, INC.

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. §2000e, et seq. ("Title VII"); 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against her former employers for discrimination, retaliation, and harassment.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
March 4, 2025

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Horsham, PA 19044 _____

---

***RELATED CASE IF ANY:***  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHRISTINE MORGAN | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| BIMBO BAKERIES USA, INC.<br>& BIMBO BAKERIES, INC. | : | NO. |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

March 4, 2025

_____        _____        Plaintiff, Christine Morgan
**Date**                        **Attorney-at-law**            **Attorney for**

(215) 545-7676                  (215) 565-2859                 schiff@consolelaw.com

**Telephone**                   **FAX Number**                 **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINE MORGAN**<br>**Perkasie, PA 18944** | : <br> : <br> : <br> : | **CIVIL ACTION NO.** |
| | : <br> : | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | : <br> : | |
| v. | : <br> : <br> : | |
| **BIMBO BAKERIES USA, INC.**<br>**255 Business Center Drive**<br>**Horsham, PA 19044** | : <br> : <br> : <br> : | |
| **&** | : <br> : <br> : | |
| **BIMBO BAKERIES, INC.**<br>**255 Business Center Drive**<br>**Horsham, PA 19044** | : <br> : <br> : <br> : <br> : | |
| **Defendants.** | : <br> : | |

## CIVIL ACTION COMPLAINT

## I.     INTRODUCTION

Plaintiff, Christine Morgan, brings this action against her former employers, Defendants, Bimbo Bakeries USA, Inc. and Bimbo Bakeries, Inc., ("collectively Defendants"), for unlawful discrimination, retaliation, and harassment, in violation of the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act ("OWBPA"), 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").  Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems

appropriate.

## II.    **PARTIES**

1.    Plaintiff, Christine Morgan, is an individual and a citizen of the commonwealth of Pennsylvania.  She resides in Perkasie, Pennsylvania.

2.    Plaintiff is a female and was born in December 1961.

3.    Defendants, Bimbo Bakeries USA, Inc., is a corporation maintaining a place of business located at 255 Business Center Drive, Horsham, Pennsylvania 19044.

4.    Defendants, Bimbo Bakeries, Inc., is a corporation maintaining a place of business located at 255 Business Center Drive, Horsham, Pennsylvania 19044.

5.    At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

6.    At all times material hereto, Defendants constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

7.    At all times material hereto, Defendants employed more than twenty (20) individuals.

8.    At all times material hereto, Defendants were an employer within the meanings of the ADEA, Title VII, and PHRA.

9.    At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, and PHRA.

2

**III.    JURISDICTION AND VENUE**

10.     The causes of action that form the basis of this matter arise under the ADEA, Title VII, and PHRA.

11.     The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII) pursuant to 28 U.S.C. §1331.

12.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

13.     On or about October 2, 2023, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), cross filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Complaint"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

14.     On or about December 13, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.    FACTUAL ALLEGATIONS**

17.     Plaintiff was hired by Defendants on or about March 28, 2004.

18.     Plaintiff last held the position of Director of Risk and Insurance. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

3

19.    Plaintiff reported to Derek Jackson, Vice President, Risk Management.

20.    Jackson subjected Plaintiff to invidious age and sex discrimination.

21.    Jackson commented that women were best at analyst positions, but men were better suited to deal with lawyers.

22.    On or about December 4, 2014, in a team meeting, Jackson announced that Michael Grosso (male, approximate age 25), would take over the department when Plaintiff retired on the beach with her dogs. Plaintiff had expressed no intent to retire.

23.    In or about April 2018, Defendants offered a Voluntary Separation Program for employees over the age of fifty-five (55).  In doing so, Defendants incentivized older workers, not younger workers, to leave Defendants' workforce. Jackson asked Plaintiff whether she was going to accept the Program.

24.    In June 2020, Jackson promoted Grosso to Senior Manager.

25.    Jackson told Plaintiff he was thinking about "succession planning" and who would assume her responsibilities when she retired. Jackson informed Plaintiff that Grosso could handle her responsibilities.

26.    Jackson assigned certain of Plaintiff's job duties and responsibilities to Grosso and circumvented Plaintiff to address certain issues with Grosso. Jackson additionally excluded Plaintiff from events, meetings, and communications, while including Grosso.

27.    In or about October 2020, during a talent discussion, Jackson commented that Plaintiff was in the "fourth quarter" of her career at Defendants.

28.    Jackson repeatedly commented and inquired as to when Plaintiff planned to retire. Jackson made these inquiries even though he admitted to Plaintiff that he knew he was not supposed to ask the question.

29.    Jackson asked Frank Ciurlino (age mid-sixties), Director of Claims, when he planned to retire. He also instructed Ciurlino to ask employees on his team, most of whom were older female employees, when they planned to retire.

30.    On or about March 31, 2021, in Plaintiff's performance review, Jackson commented that he "asked [Plaintiff] to think about the future and the time between now and when she retires" and "what would she 'do' or want to put in place before she leaves."

31.    In or about August 2022, Jackson instructed Plaintiff to train Grosso to do her job and take over her position. He told Plaintiff that he expected the transition would take twenty-four (24) to thirty (30) months.

32.    Jackson informed Plaintiff, we all had "expiration dates" and explained it was not personal, and that Plaintiff had done nothing wrong.

33.    Plaintiff told Jackson she was a loyal employee of eighteen (18) years, that she was not ready to retire, and she felt like she was being forced out.  Jackson responded that he was not telling Plaintiff at that moment she had to retire, but that there may be a time when he would ask her to retire.

34.    In or about August 2022, Jackson removed Grosso from reporting to Plaintiff and assigned Grosso to report to himself.

35.    In or about February 2023, Jackson commented in Plaintiff's performance review that Plaintiff was "an important contributor…as we transition knowledge and skills to Mike Grosso."

36.    On or about April 11, 2023, Plaintiff complained of discrimination to Aditi Oakley, Corporate Counsel, regarding Jackson's treatment of her.

37.     In or about mid-April 2023, Plaintiff complained of discrimination to Scott Davis, Senior Customer Executive, regarding Jackson's treatment of her.

38.     On or about May 4, 2023, Plaintiff again complained to Oakley that Jackson was pressing her about retirement.

39.     On or about May 19, 2023, Jackson informed Plaintiff he posted and would be hiring two (2) positions in the department, a Risk Coordinator and a Risk Specialist, both of which overlapped with Plaintiff's job duties and responsibilities, and who would report to Grosso.  These positions would have previously fallen under Plaintiff's direction.

40.     On or about June 12, 2023, Jackson and Leticia Garcia, Human Resources Director, terminated Plaintiff's employment, effective July 14, 2023.

41.     Defendants' stated reason for termination was that Plaintiff's job was impacted and eliminated in the restructuring Jackson undertook in the department.

42.     During the termination meeting, Plaintiff stated, among other things, that Jackson had commented about Plaintiff retiring and that she believed Defendants terminated her because of her age. Defendants did not deny the same.

43.     On or about June 12, 2023, Defendants additionally terminated the employment of Marjorie Davidson (female, approximate age 69), Worker's Compensation Claims Manager, and Vera Dorsey (female, approximate age 68), Coordinator, effective July 14, 2023, both of whom reported to Ciurlino.

44.     The following day, on or about June 13, 2023, Jackson announced that Ciurlino would retire effective December 31, 2023.

45.     Around this time, Defendants additionally terminated the employment of multiple older workers.

6

46.     Following Plaintiff's notice of termination, Grosso told Plaintiff that he hoped he could call her with questions following her termination and asked her to put an automated email reply message referring her emails to him.

47.     Defendants assigned Plaintiff's job duties to Grosso.  Plaintiff was more qualified to perform these job duties than Grosso.

48.     Defendants have an underrepresentation of female employees, especially in high level positions.

49.     Plaintiff's age was a motivating and determinative factor in Defendants' decision to terminate her employment.

50.     Plaintiff's sex was a motivating and determinative factor in Defendants' decision to terminate Plaintiff's employment.

51.     Plaintiff's combinations of age/sex was a motivating and determinative factor in Defendants' decision to terminate her employment.

52.     Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendants' decision to terminate her employment.

53.     Plaintiff's age, sex, combination of age/sex and/or engaging in protected activity were motivating and determinative factors in Defendants' decision not to retain/hire Plaintiff into any open position for which she was qualified, including, without limitation, the positions of Risk Coordinator and a Risk Specialist.

54.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

7

55. Plaintiff's sex and/or age and/or a combination of sex/age and/or engaging in protected activity were motivating and determinative factors in the hostile work environment to which Plaintiff was subjected.

56. The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

57. Defendants failed to remedy or prevent the age and sex discrimination and retaliation against her.

58. Defendants retained male and/or younger and/or noncomplaining employees in positions for which Plaintiff was more qualified.

59. As a direct and proximate result of the discriminatory, harassing, and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

61. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

### COUNT I – ADEA

62. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

63. By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendants violated the ADEA.

64.     At the time of Plaintiff's termination, Defendants offered Plaintiff severance in exchange for a release of her claims.

65.     Pursuant to the OWBPA, Defendants were required to provide certain information to ensure that individuals waiving claims did so knowingly and voluntarily. Defendants failed to provide Plaintiff with the information required by the OWBPA.

66.     Defendants' failure to provide this information violated the OWBPA and ADEA.

67.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

68.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

69.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

70.     No previous application has been made for the relief requested herein.

### COUNT II – Title VII

71.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

72.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendants violated Title VII.

73.     Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

74.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

9

75.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

76.    No previous application has been made for the relief requested herein.

## COUNT III - PHRA

77.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

78.    By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendants violated the PHRA.

79.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

80.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

81.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.    declaring the acts and practices complained of herein to be a violation of the ADEA;

b.    declaring the acts and practices complained of herein to be a violation of the Title VII;

c.    declaring the acts and practices complained of herein to be a violation of the PHRA;

10

d.     enjoining and restraining permanently the violations alleged herein;

e.     awarding Plaintiff back-pay;

f.     awarding Plaintiff front-pay;

g.     awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

h.     awarding liquidated damages;

i.     awarding punitive damages;

j.     awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

k.     awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and PHRA; and

l.     granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW LLC**

Date: March 4, 2025         By: _____
                           LANE J. SCHIFF
                           1525 Locust Street
                           Philadelphia, PA 19102
                           (215) 545-7676
                           (215) 565-8259 (fax)

                           Attorney for Plaintiff,
                           Christine Morgan

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

<u>**COMPLAINT**</u>

COMPLAINANT:                                    :

**CHRISTINE MORGAN**                             :          Docket No.

v.                                              :

RESPONDENTS:                                     :

**BIMBO BAKERIES USA, INC.**                     :

and                                             :

**BIMBO BAKERIES INC.**                          :

1.  The Complainant herein is:

   Name:              <u>Christine Morgan</u>

   Address:           **REDACTED**

                      Perkasie, PA 18944

2.  The Respondents herein are:

   Name:              <u>Bimbo Bakeries USA, Inc.; Bimbo Bakeries Inc.</u>

   Address:           255 Business Center Drive
                      Horsham, PA 19044

3.  I, <u>Christine Morgan,</u> the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (61), my sex (female), and/or the combination of my age and sex ("age/sex") and retaliation because of my engaging in protected activity, as set forth below.

## Discrimination and Retaliation

### A. I specifically allege:

[1]  I was hired by Respondents on or about March 28, 2004.

[2]  My birth date is REDACTED

[3]  I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]  I last held the position of Director of Risk and Insurance.

[5]  I last reported to Derek Jackson (male, 54[1]), Vice President, Risk Management. Jackson reported to Jonathan Berger (male, 58), Senior Vice President, People. Berger reported to Tony Gavin (male, 62), President.

[6]  Respondents have an underrepresentation of female employees, especially in high level positions.

[7]  I was one of the oldest employees directly reporting to Jackson.

[8]  In January 2010, Respondents hired Michael Grosso (male, then 21), Risk Analyst, reporting to me.

[9]  On December 4, 2014, in a team meeting, Jackson announced that Grosso would take over the department when I "retire[d] on the beach with [my] dogs."

[10]  Following the above, employees commented to me that they did not know I was retiring. I stated that I was not.

[11]  Jackson assigned certain of my job duties and responsibilities to Grosso (male, then 25).

[12]  Jackson circumvented me and addressed certain issues directly with Grosso.

---

[1] All ages herein are approximations.

[13]    In April 2018, Respondents offered a Voluntary Separation Program for employees over age fifty-five (55).  This age-based separation option was evidence of age bias, as Respondents were offering to pay only older employees to leave their employment in exchange for a release of all claims.

[14]    In June 2020, Jackson promoted Grosso to Senior Manager.

[15]    On October 14, 2020, Jackson commented that I was in the "fourth quarter" of my career at Respondents.

[16]    Jackson repeatedly commented about my "retirement."

[17]    Jackson commented to me that he should not be asking me this or that he was not allowed to ask me this, but asked me when I planned to retire.

[18]    Jackson commented that he planned to retire at age sixty (60)

[19]    When Jackson asked me about retirement, I stated that I did not know when I planned to retire and I stated that I had not thought about retiring.

[20]    Jackson commented to me that he was thinking about "succession planning."

[21]    Jackson asked Frank Ciurlino (male, 64), Director of Claims, when he planned to retire.

[22]    Jackson instructed Ciurlino to ask employees on his team, most of whom were older female employees, when they planned to retire.

[23]    I was excluded from events, meetings, and communications that male and/or younger employees were included in.

[24]    On March 31, 2021, in my performance review, Jackson commented that he "asked [me] to think about the future and the time between now and when [I] retire[d]. . . . Succinctly, what would [I] 'do' or want to put in place before [I] leave[]."

[25]    On August 8, 2022, in a meeting with Jackson, he instructed me to train Grosso to do my job and take over my position.  He stated that he expected the transition would take twenty-four (24) to thirty (30) months.  He stated that we all had "expiration dates." Jackson stated that it was not personal, it was nothing I had done, and it was not performance based.  I stated that I was a loyal employee of eighteen (18) years, and that I was not ready to retire.  I stated that I felt like I was being forced out.  He stated that he was not telling me at that moment that I had to retire, but that there may be a time when he would ask me to retire.

[26]    In August 2022, Jackson removed Grosso from reporting to me and assigned him to report to himself.

[27]    In January 2023, Gavin became President of Respondents.

[28]    In February 2023, in my performance review, Jackson commented that I was "an important contributor . . . as we transition knowledge and skills to Mike Grosso."

[29]    On April 11, 2023, in a conversation with Aditi Oakley (female, 42), Corporate Counsel, I complained of age discrimination.  I explained the numerous retirement comments and references that Jackson had been making to me, and stated that the same was upsetting to me.  I stated that it felt like Jackson was trying to strong arm me into retiring.  I stated that there was no reason other than my age that Jackson was making these comments to me and communicating to me his desire to have me retire.

[30]    In mid-April 2023, following the above, in a conversation with Scott Davis (male, 63), Senior Customer Executive, I complained of age discrimination.  I explained

the numerous retirement comments and references that Jackson had been making to me, and stated that the same was upsetting to me. I stated that it felt like Jackson was trying to strong arm me into retiring. I stated that there was no reason other than my age that Jackson was making these comments to me and communicating to me his desire to have me retire.

[31]      On May 4, 2023, in a conversation with Oakley, we again discussed Jackson's pressing me about retirement. Oakley suggested that I tell Jackson to stop making retirement comments to me and state that I had not made any plans to retire.

[32]      On May 19, 2023, in a meeting with Jackson, Grosso, and Ciurlino, Jackson stated that he had posted and would be hiring two (2) positions in the department, a Risk Coordinator and a Risk Specialist, both of which overlapped with my job duties and responsibilities, and who would report to Grosso. These positions had previously reported to me.

[33]      On May 19, 2023, following the above, in a meeting with Jackson, when I asked him for more information regarding the new structure that he detailed in the above meeting, he stated that he was not ready to talk to me about it. He stated that there would be a lot of changes coming and he was responsible for those changes. I stated that I would continue doing what I was doing.

[34]      On June 12, 2023, in a meeting with Jackson and Leticia Garcia (female, 50), Human Resources Director, Respondents terminated my employment, effective July 14, 2023. The stated reason for my termination was that my job was being impacted and eliminated in the restructuring Jackson was doing in the department. Jackson stated that I must transfer to him some of the core things I was working on. He stated that there were several other people on the team that were being impacted in the restructuring. I stated that Jackson had commented about my retiring, that I was not ready to retire, that I was being strong armed into retiring before

I was ready, that I had been instructed to train Grosso, that I had responsibilities removed from me, that two (2) new positions were being hired on the team, and that I believed that I was being terminated because of my age. Respondents did not deny the same. Garcia stated that the department needed to evolve, and Respondents were transforming. Jackson stated that my termination was not about performance.

[35]     On June 12, 2023, in addition to me, Respondents terminated Marjorie Davidson (female, 69), Worker's Compensation Claims Manager, and Vera Dorsey (female, 68), Coordinator, effective July 14, 2023, both of whom reported to Ciurlino.

[36]     On June 13, 2023, Jackson announced that Ciurlino would be retiring effective December 31, 2023.

[37]     Respondents also recently terminated Robin Katz (female, 70), Secretary, Larry Moreno (65), Regional Sales Manager, and Dale Powell (62), Director, Fleet Services.

[38]     Despite offering me severance in exchange for a release of all claims and confidentiality, and terminating other employees in my department, Respondents failed to provide me with any OWBPA list.

[39]     On June 27, 2023, in a meeting with Jackson, which he termed a "brain drain," he wanted to discuss the work that I was performing and instructed me to prepare a detailed description of everything I was currently working on along with contact names and telephone numbers of people inside and outside of Respondents who I was working with.

[40]     On July 11, 2023, in a follow-up meeting with Jackson, he asked me for the typed, detailed description of the work that I had been doing and working on along with contact names and telephone numbers of people inside and outside of Respondents who I was working with, which I provided.

[41]     On July 13, 2023, Grosso stated that he hoped that he could call me with questions after I was gone, and asked me to put an automated email reply message on my email account before I left which would refer my emails to him.

[42]     On July 17, 2023, Jackson gave me a positive letter of recommendation, highlighting my strengths.

[43]     Respondents offered no explanation, including the selection criteria, as to why I was terminated and the younger and/or male and/or noncomplaining employees were retained.

[44]     Respondents terminated my employment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[45]     Respondents subjected me to a hostile work environment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[46]     Respondents failed to remedy or prevent the age and sex discrimination and retaliation against me.

[47]     Respondents failed to investigate my complaints of age discrimination.

[48]     At the time of my termination notice, the following employees, in addition to me, were directly reporting to Jackson.

  a. Michael Grosso (male, 35), Senior Manager of Risk;

  b. Tanya Santana (female, 45), Director of Safety;

  c. Dan Schorn (male, 52), Director of Safety;

  d. Anthony Grosso (male, 58), Director of Safety;

  e. Frank Ciurlino (male, 64), Director of Claims.

[49]     Respondents retained all the other employees who were directly reporting to Jackson—each of whom was substantially younger and/or male and/or noncomplaining.

[50]     I was the only employee reporting to Jackson who was notified of termination on June 12, 2023.

[51]     Respondents retained male and/or younger and/or noncomplaining employees in positions for which I was more qualified.

[52]     Respondents assigned my job duties to substantially younger and/or male and/or noncomplaining employees, including Grosso (male, 35).  I was more qualified to perform my job duties, with more service time at Respondents, than the substantially younger and/or male and/or noncomplaining employees, including Grosso, to whom Respondents assigned my job duties.

[53]     I had no disciplinary or performance issues throughout my more than nineteen (19) years of service.

[54]     Respondents' failure to provide me with an OWBPA list is a violation of the ADEA.

[55]     Respondents' comments and conduct evidence a bias against older and/or female and/or complaining employees.

[56]     Respondents' age, sex, and age/sex discrimination and retaliation against me has caused me emotional distress.

[57]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with**

**hiring, promotion, demotion, position selection, being subjected to a hostile work environment, compensation, training, leadership, development, and termination decisions.**

B.  Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female), age (61), and a combination of my sex and age ("sex/age"), and retaliated against me because of my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.  The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d)__**

     ____     Section 5.1 Subsection(s) _____

     ____     Section 5.2 Subsection(s) _____

     ____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.  Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.  The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

9/28/2023

(Date Signed)

*Christine Morgan*

(Signature)    Christine Morgan

REDACTED

Perkasie, PA 18944

# EXHIBIT B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Christine Morgan**<br>REDACTED<br>**Perkasie, PA 18944** | From: **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No.<br>**17F-2024-60176** | EEOC Representative<br>**Jane Duncan,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9737** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** \*of your receipt of this Notice.\*  Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
12/13/2024

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:   **For Respondent**

Lisa M Scidurlo, Esq.
Stevens & Lee
620 Freedom Business Center, Ste 200
King Of Prussia, PA 19406

**For Charging Party**

Emily R Derstine Friesen, Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102